United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

STEPHEN BARRY,

        Plaintiff(s),

    v.

UNITED STATES OF AMERICA,

        Defendant(s).
_____/

No. C 11-847 DMR

**ORDER RE OBJECTIONS TO DEFENDANT'S TRIAL EXHIBITS AND DEPOSITION EXCERPTS**

**A.**     <u>**Plaintiff's Objections to Defendant's Exhibits**</u>

    1.     <u>*Exhibit A (Vessel Report of Injury, 12/3/09) and Exhibit C (Incident Form, 12/23/09)*</u>: Exhibits A and C are not admitted into evidence. Both exhibits constitute hearsay. Defendant did not establish that these exhibits are admissible as business records pursuant to Fed. R. Evid. 803(6).

    2.     <u>*Exhibit G (Statement of Gordon) and Exhibit H (Statement of Stillman)*</u>: Exhibits G and H are not admitted into evidence. Defendant conceded that these written witness statements constitute hearsay. (Def.'s Evidentiary Br. 2-3 [Docket No. 35].)

**B.**     <u>**Plaintiff's Objections to Defendant's Deposition Excerpts**</u>

    1.     <u>*Deposition of Claude Gordon*</u>

**19:25-26 and 36:1-10:** Objection sustained. Gordon's testimony regarding "breaking strain" and "maximum breaking strength" amounts to improper expert testimony.

**20:24 – 21:2; 21:9-15; 23:13-20; 34:20-25; and 48:14-24**: Gordon's perceptions regarding the tightness of the mooring line is admitted as lay opinion. It is rationally based upon the witness's perceptions, is helpful to a clear understanding of his testimony as well as the determination of fact in issue, and is not based on scientific, technical, or otherwise specialized knowledge.

 2. *Deposition of John Mulderig*

**17:15-22 and 37:3-9:** Objection sustained. Mulderig's testimony regarding whether Barry was "standing in the bight of the line" lacks foundation.

**31:16-21; 36:5-37:2; 40:24-42:3; 42:10-42:25; and 60:2-20:** Objection sustained. Mulderig's testimony regarding what others told him about the mooring line's being "too tight" is hearsay. Mulderig's opinions regarding the cause of the incident amounts to improper expert testimony.

 3. *Deposition of Daniel Page*

**73:1-7:** Objection sustained. Page's testimony about what Stillman said, and what Stillman meant when he said it, is hearsay and also amounts to speculation.

**74:13-23 and 120:18-122:5:** Objection sustained. Page's testimony regarding what others told him about the mooring line being "too tight" is hearsay. Page's opinion regarding the cause of the incident amounts to improper expert testimony.

**123:12-124:6 and 125:17-127:7**: Objection sustained. Page's testimony regarding the cause of the incident amounts to improper expert testimony.

 4. *Deposition of Jerry Stillman*

**38:16-39:14:** Objection sustained. Stillman's testimony regarding whether Barry was "standing in the bight of the line" lacks foundation.

**40:1-10**: Objection sustained. Stillman's testimony about the "protesting" of others is speculative and constitutes hearsay.

IT IS SO ORDERED.

Dated: August 21, 2012



DONNA M. RYU
United States Magistrate Judge