UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

STEPHEN BARRY,

        Plaintiff(s),

    v.

UNITED STATES OF AMERICA,

        Defendant(s).

_____/

No. C 11-00847 DMR

**ORDER OVERRULING OBJECTIONS TO BILL OF COSTS**

    On January 17, 2013, Plaintiff, the prevailing party in this case, [*see* Docket No. 68], filed a bill of costs totaling $12,178.19. [Docket No. 69.] The costs included the following components: a $350 filing fee, $225.89 for serving the summons and complaint, $6606.74 for printed or electronically recorded transcripts necessary for use in the case, $613.88 in fees and disbursements for printing, $80 for copying costs, and $4692.20 for airfare incurred to depose a witness. Plaintiff subsequently withdrew the $613.88 for printing and $4692.20 for airfare, leaving the total at $6872.11. [*See* Docket No. 70 (Def.'s Objections) at 2.]

    On January 30, 2013, Defendant filed objections to Plaintiff's bill of costs. Defendant contends that none of Plaintiff's costs are reasonable, because Plaintiff received only 0.47% of the compensation he originally sought and, therefore, "grossly overvalued his case." (Def.'s Objections 2.) More specifically, Defendant argues that the costs of the trial transcript are improper because, in contravention of Civil Local Rule 54-3(b), they were not "necessarily obtained for an appeal," "a

transcript of a statement by a Judge from the bench which is to be reduced to a formal order prepared," or "approved by a Judge or stipulated to be recoverable by counsel." (Def.'s Objections 2 (quoting N.D. Cal. Civ. L.R. 54-3(b)) (quotation marks omitted).)

Pursuant to Federal Rule of Civil Procedure 54(d)(1), "'[C]osts other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs . . . .'" *Champion Produce, Inc. v. Ruby Robinson Co.*, 342 F.3d 1016, 1022 (9th Cir. 2003) (quoting Fed. R. Civ. P. 54(d)(1)) (brackets and ellipses in original). However, the court may award costs against the United States, as in this case, only to the extent allowed by law. Fed. R. Civ. P. 54(d)(1). In the present case, the court finds Plaintiff's costs warranted. Plaintiff was not unfounded in finding the transcripts necessary for use in the case. *See Indep. Iron Works, Inc. v. U.S. Steel Corp.*, 322 F.2d 656, 678 (9th Cir. 1963). The court therefore overrules Defendant's objections and awards $6872.11 in costs payable to Plaintiff.

IT IS SO ORDERED.

Dated: February 4, 2013



DONNA M. RYU
United States Magistrate Judge

2